# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 10-196


**STATE OF LOUISIANA**

**VERSUS**

**CURT E. JOHNSON**

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 07-233953
HONORABLE PAUL JOSEPH DEMAHY PRESIDING
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**CONVICTION VACATED, REMANDED FOR NEW TRIAL**

**Jeffery J. Trosclair**
**Assistant District Attorney**
**St. Mary Parish Courthouse**
**Franklin, LA 70538**
**(337) 828-4100, Ext. 550**
**Attorney For the State of Louisiana**


**Frank Sloan**
**Louisiana Appellate Project**
**948 Winona Drive**
**Mandeville, LA 70471**
**(985) 845-9492**
**Attorney For Defendant Curt E. Johnson**

**COOKS, Judge.**

_____FACTS AND PROCEDURAL HISTORY

Curt E. Johnson (Defendant) was convicted by a jury of six persons of driving while intoxicated, fourth offense, a violation of La.R.S. 14:98. Defendant was sentenced to serve twenty years at hard labor, without benefit of probation, parole, or suspension of sentence. He appeals his conviction and sentence, alleging his conviction is null because he was tried by an insufficient number of jurors and, alternatively, if his conviction is valid, his sentence is excessive. In accordance with the provisions of La.Code Crim. P. art. 920, we review all criminal appeals for errors patent on the record. We find there is an error patent on this record which requires reversal of Defendant's conviction. For reasons stated below, we reverse Defendant's conviction, vacate his sentence, and remand the case for a new trial before a jury of twelve persons.

## LEGAL ANALYSIS

Defendant was charged by bill of information with driving while intoxicated, fourth offense. He previously pled guilty to other third and fourth offense DWI charges in 2004. On the prior conviction of third offense DWI, Defendant was sentenced to fifteen years at hard labor, with all but thirty days suspended, and placed on probation for three years. Defendant was also sentenced for the previous fourth offense DWI to fifteen years at hard labor, with all but sixty days suspended, and placed on probation for five years. These sentences were to be served consecutively. Defendant was on probation for these offenses when he was arrested and charged with the current fourth offense DWI. As part of each of the previous sentences, Defendant was required to undergo an evaluation to determine the nature and extent of his substance abuse disorder. His sentences in 2004 both required four to six

1

weeks of inpatient treatment for his substance abuse disorder and home incarceration for the suspended portions of his sentences. The record contains the transcript of his prior guilty pleas and sentencing establishing these facts.

Under the provisions of La.R.S. 14:98(E)(4)(a), Defendant was subject to a mandatory prison sentence at hard labor for a minimum of ten years and a maximum of thirty years for the current offense. The statute provides:

> If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but *shall be imprisoned at hard labor for not less than ten nor more than thirty years* and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.

La.R.S. 14:98(E)(4)(a) (emphasis added)

The Louisiana Constitution Article I, Section 17 (emphasis added), provides:

> [A] case in which the punishment is necessarily confinement at hard labor *shall be tried before a jury of twelve persons*, ten of whom must concur to render a verdict.

The State admits in brief the law requires this Defendant be tried before a jury of twelve persons and it was error to try him before a jury of only six persons. In *State v. Nedds*, 364 So.2d 588 (La.1978), the Louisiana State Supreme Court held that a jury verdict rendered by either more or less than the correct number of jurors is null. Although the Louisiana Supreme Court partially abrogated the decision in *Nedds* in its more recent decision *State v. Jones*, 05-226 (La. 2/22/06), 922 So.2d 508, upholding a conviction by a unanimous verdict of twelve in a case requiring only six jurors, the law has not changed regarding the impropriety of trying a criminal defendant before a jury of six when a jury of twelve is required. Because Defendant, charged with fourth offense DWI, was previously required to participate in substance abuse treatment and was placed on home incarceration the law mandates he be tried

2

before a jury of twelve persons.  As Defendant was tried before a jury of only six persons, contrary to the provisions of our State Constitution requiring trial by twelve jurors for his offense, his conviction is null and is hereby set aside; his sentence is vacated; and the matter is remanded for a new trial.  Defendant's assignment of error asserting his sentence is excessive is moot.

**CONVICTION VACATED, REMANDED FOR NEW TRIAL**