KUHN, J.,
concurs and assigns reasons.
|,I concur in the result reached by the majority affirming the defendant’s conviction, habitual offender adjudication, and sentence. I emphatically disagree, however, with the language in the majority opinion indicating a jury composition error occurred in this case. The defendant was correctly tried by a six-person jury.
First, the hard-time requirement of La. R.S. 14:98(E)(4)(a) does not create a new crime entitling a defendant to a trial by a twelve-person jury, but merely provides for enhancement of the sentence for a fourth-offense DWI sentence if the offender previously has been required to participate in substance abuse treatment and home incarceration as the result of a third-offense DWI conviction. See La. R.S. 14:98(E)(4)(a). In considering' another sentence enhancement provision, La. R.S. 14:98(E)(4)(b),[1] this Court, in State v. Hardeman, 04-0760 (La.App. 1st Cir.2/18/05), 906 So.2d 616, 626, concluded that the provision did not create a new crime, but merely sets forth an additional penalty for fourth-offense DWI under delineated circumstances. The rationale employed in Hardeman to the effect that La. R.S. 14:98(E)(4)(b) punishes recidivism rather than creating a new crime is equally applicable to the sentencing provision at issue in this case. The hard-time requirement of La. R.S. 14:98(E)(4)(a) is simply an enhancement provision that does not implicate a defendant’s right to trial by a twelve-person jury.
| ^Second, trial of the defendant by a six-person jury was dictated by law in this case. The district attorney, in the exercise of his discretion, elected to charge the defendant pursuant to La. R.S. 14:98 with a fourth-offense DWI.[2] Under La. R.S. 14:98(E)(l)(a), the punishment for fourth-offense DWI is imprisonment with or without hard labor for not less than ten years and not more than thirty years and a $5,000.00 fine. In accordance with La. Const, art. I, sec. 17(A), such a case “shall be tried before a jury or six persons, all of whom must concur to render a verdict.” See also La.C.Cr.P. art. 782(A).
In reliance on these constitutional and statutory provisions, the State, the defense, and the trial court worked together to select a six-person jury to try this case. *601 Although, the State later presented evidence at trial in connection with predicate # 3 which, if accepted, allowed for a sentence at hard labor under La. R.S. 14:98(E)(4)(a), sentencing of the defendant under this sentencing enhancement provision was only a possibility, but never a certainty. Thus, as a practical matter, this case was required to be tried in a six-person jury forum since there was only a possibility that the defendant could receive a sentence at hard labor. In Louisiana, a twelve-person jury is required only when the potential sentence is necessarily confinement at hard labor. La. Const, art. I, sec. 17(A); La.C.Cr.P. art. 782(A). Thus, the defendant’s trial was conducted in accordance with the jury composition rules applicable to La. R.S. 14:98(E)(l)(a), wherein the actual conduct prescribed is a fourth-offense DWI, and the sentence to be imposed may be with or without hard labor.
Finally, even assuming arguendo that a jury composition error occurred in trying the defendant by a six-person jury, such error would be subject to a harmless error analysis. In State v. Brown, 11-1044 (La.3/13/12), 85 So.3d 52, 53 {per curiam), the Supreme Court made it clear that there is no longer a “supposition that terrors in jury composition are invariably jurisdictional or structural in nature.” The Supreme Court further indicated that an error in jury composition “no longer constitute[d] a non-waivable structural defect in the proceeding” and “warrant[ed] reversal only where the defendant is actually prejudiced.” Brown, 85 So.3d at 53.
In the instant case, the defendant waived any error in the jury’s composition by actively participating in the selection of the six-person jury without objection. Even if the defendant had not done so, such error clearly would have been harmless in light of the overwhelming evidence of his guilt presented at trial. After the arresting officer observed the defendant’s vehicle moving erratically on the roadway and stopped him, the officer noticed telltale signs of drunkenness, such as swaying, an alcoholic odor, slurred speech, and glassy and bloodshot eyes. The defendant conceded that he had consumed alcohol and had driven his vehicle. He also performed poorly on field sobriety tests, and a chemical breath test indicated that his BAC was 0.180 grams percent. Given the evidence of the defendant’s guilt, as well as his acquiescence in the selection of a six-person jury, any error in the size of the jury — of which there was none — did not prejudice the defendant and was harmless beyond a reasonable doubt. See La. C.Cr.P. art. 921.
For these reasons, I concur.

. Louisiana Revised Statutes 14:98(E)(4)(b) provides that:
If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, after serving the mandatory sentence required by Subparagraph (E)(1)(a), no part of the remainder of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.

. The defendant could have filed a motion for a bill of particulars to further clarify the nature of the charge against him, but did not do so. See La.C.Cr.P. arts. 484 & 521.