WEIMER, J.,
dissenting.
hi respectfully dissent. Although correctly noting that the penalty range in the state’s charge governs whether a court must empanel a six or twelve person jury, the majority absolves the district court from being so governed. The Louisiana Constitution mandates a defendant charged with an offense “in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons.” La. Const, art. 1, § 17(A). The defendant faced a hard labor sentence; however, he was tried before a jury of six persons. Therefore, the defendant must be retried.
The state’s bill of information charged the defendant with a fourth offense of driving under the influence (“DUI”). The bill of information indicated this was a violation of La. R.S. 14:98. Under the same statute, two penalty ranges were indicated for such an offense.[1] One statutory provision established a range of incarceration “at hard labor for not less than ten nor more than thirty years.” La. R.S. 14:98(E)(4)(a) (an absolute felony). Another statutory provision established a range of incarceration “with or without hard labor for not less than ten years nor more than | ^thirty years.” La. R.S. 14:98(E)(l)(a) (a relative felony). Whether a defendant faces the relative or absolute *687 penalty provisions of La. R.S. 14:98 .depends on the defendant’s sentencing history. If a defendant charged as a fourth DUI offender “has previously been required to participate in substance abuse treatment and home incarceration” for a prior DUI offense, then the defendant faces the absolute felony provisions of La. R.S. 14:98(E)(4)(a), specifically a mandatory sentence of hard labor if convicted.
Because the state specified the fourth offender provisions of La. R.S. 14:98, but did not specify whether the state was proceeding under section (E)(4)(a) as an absolute felony (ie. — with hard labor) or under section (E)(1)(a) as a relative felony (ie.— with or without hard labor), the bill of information was equivocal. More precisely stated, and measured by the standard correctly identified by this court’s majority,[2] because the bill of information did not actually inform whether the state was charging the defendant with an absolute or relative felony, the bill of information was equivocal on its face.[3]
Under more typical circumstances, a defendant must file a request for a bill of particulars to clarify a deficient bill of information in order to preserve the issue for review.[4] However, the circumstances in this case cannot be fairly characterized as | atypical because whether the defendant was tried by a six or twelve person jury lies at the core of a constitutionally-mandated factfinding process. Therefore, this issue is renewable notwithstanding that the defendant neither filed a pretrial request for a bill of particulars, nor contemporaneously objected when the state introduced evidence at trial revealing that the state AVas prosecuting the defendant for an absolute felony.[5]
Even overlooking the fact that the bill of information was equivocal, once the state introduced evidence[6] that the defendant had been previously sentenced to substance abuse treatment and home incarceration, the defendant’s fate was sealed. That is, since the jury had found the defendant guilty after the state introduced uncontroverted evidence that the defendant had previously been sentenced to substance abuse treatment and home incarceration for a third DUI, the judge had no discretion to sentence the defendant to *688 anything but hard labor. See La. R.S. 14:98(E)(4)(a).
It would have been far preferable for the district court, durihg the pretrial stage, to call attention to the equivocation in the bill of information and to require the state to bring clarity to the charges so that the district court could, in turn, correctly identify the number of jurors it might be required to empanel.[7] However, once the district court was alerted by the state’s evidence of the defendant’s prior sentence of substance abuse treatment and home incarceration, just as much as the district court was stripped of any discretion to sentence the defendant to incarceration without hard Llabor, so, too, was the court stripped of the ability to proceed with a six person jury. See La. Const, art. I, § 17(A) (“A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons’— ”). (Emphasis added.)
In its focus on the multiple bill sentence that the district court imposed in place of the original sentence for the instant offense, I believe the majority of this court has fallen further into error. The majority relies on State v. Jones, 05-0226 (La.2/22/06), 922 So.2d 508, for the proposition that not all constitutional, errors require reversal. In Jones, the defendant was'incorrectly tried by a jury of twelve, rather than six. Utilizing a harmless error analysis, the Jones court found that the defendant’s conviction, by the unanimous, twelve person jury did not prejudice the defendant. Jones is inapposite to this case. The defendant in Jones essentially received twice the number of constitutionally - mandated factfinders. Similarly, in another case cited by the majority, State v. Brown, 11-1044 (La.3/13/12), 85 So.3d 52, the defendant was also incorrectly tried by a jury of twelve, rather than six. Instead of a unanimous jury, the defendant in Brown was found guilty by the minimum threshold of ten jurors. Citing Jones, this court, in Brown, found that the erroneous jury composition did not require reversal. We explained in Brown that, because La. Const, art. 1, § 17 had been amended to allow the joinder of absolute and relative felonies and a trial of the joined offenses by a twelve person jury,[8] incorrectly trying a sole relative felony charge to a twelve person jury was no longer a jurisdictional defect. Brown, 11-1044 at 5-6, 85 So.3d at 55 (“[T]he rule barring trial of a six-person jury offense in a twelve-person forum no longer applies in all instances and hence has lost its | ¿jurisdictional aspect -”) (quoting Jones, 05-0226 at 5, 922 So.2d at 516 (Weimer, J., concurring)). ’
In the instant case, six of the constitutionally mandated triers of fact did hot participate in the defendant’s trial. See La. Const, art. I, § 17(A); see also La. C.Cr.P. art. 782. In stark numeric terms, and in contrast to' both Jones and Brown, the defendant received half of the twelve factfinders guaranteed him by the Constitution. Therefore, replacing ■ the defendant’s sentence stemming from a constitutionally infirm guilty verdict with a multiple-bill sentence is not. harmless. Essentially, replacing the defendant’s fourth DUI sentence, which was predicated upon a guilty verdict issued by half the number of required factfinders, with a multiple bill' sentence, is no different than replacing the presumption of innocence with an assumption of guilt. Not only is this bad policy, but it ignores that *689 La. Const, art. I, § 17(A) mandates a trial by twelve factfinders for absolute felonies.
Finally, I must point out that the majority has ignored a constitutional mandate as a consequence of going to great lengths to avoid the very issue this court granted writs to address. The majority recognizes that this court granted writs to resolve this issue: “whether trial by a jury composed of fewer jurors than required by law is a non-waivable structural defect.” However, even after confining the parties’ briefing to this issue, the majority “decline[s] to reach the broader jury composition issue in this case.” State v. Dahlem, 14-1555, slip op. at 1 (La.6/18/16). Nevertheless, the issue, as framed, answers itself when one considers the source of the requirement for twelve jurors. Because the predicate third DUI offense required the district court to sentence the defendant to hard labor, the defendant was entitled to a trial by a twelve person jury. This jury composition is cast in mandatory terms, both in the Louisiana Constitution and in the Code of Criminal Procedure. See La. Const, art. I, § 17(A) |a(“A case in which the punishment is necessarily confinement at hárd labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.”); and La.C.Cr.P. art. 782 (“Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.”). Here, both our state Constitution and an article of our Code of Criminal Procedure have established a .twelvé-person jury as a minimal requirement for factfinding in absolute felony cases; it is not for this court to say differently. This case is unlike Jones and Brown, where reversal was not required because the defendants in those cases received twice the number of factfinders than the minimal number guaranteed by the Constitution.
In conclusion, this analysis doe's not declare the defendant innocent. This analysis determines it is beyond debate that the defendant was tried by half the number of factfinders the Louisiana Constitution requires. Because I find this analysis compulsory under our state Constitution, I must respectfully dissent.
HUGHES, J., concurs in the résult.

. After the relevant events in this case, La. R.S. 14:98 was amended, and the penalty provisions for a fourth offense DUI have been separately enumerated as La. R.S. 14:98.4. See 2014 La. Acts 385, § 1. Citations in this dissenting opinion correspond to the statutes in force during the defendant’s trial.

. This court has long held that the penalty range indicated in the state’s charges dictates whether the largest number of jurors is required. See State v. Stanford, 204 La. 439, 15 So.2d 817, 820 (1943) ("the number of jurors to try a case is determined by the gravity or nature of the crime charged”).

. “In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” La. Const, art. 1, § 13.. This court has explained that a bill of information must "allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may . impose the correct punishment upon a verdict of guilty.” State v. Meunier, 354 So.2d 535, 538 (La.1978).

. See, e.g., State v. Gainey, 376 So.2d 1240, 1242-43 (La.1979) (“This court has long held that a short form indictment is not subject to attack on the grounds that it does not adequately inform the defendant of the crime charged, because the state is required, on request for a bill of particulars, to inform the defendant of the essential facts of the offense charged.”). See also, e.g., State v. Richthofen, 01-500, p. 34 (La.App. 5 Cir. 11/27/01), 803 So.2d 171, 192 ("The time for testing the sufficiency of an indictment is before trial by a motion to quash or an application for a bill of particulars.”) (citing Gainey, supra).

. See State v. Arvie, 505 So.2d 44, 47 (La.1987) ("On very rare occasions, this court has refused to apply the contemporaneous objection rule as a bar to review of an error which was so fundamental that it struck at the very essence of the reliability of the fact-finding process.”).

.See State Exhibit 11.

. District court judges are broadly empowered to "issue ... all ... needful writs, orders, and process in aid of the jurisdiction of his court.” La. Const, art. V, § 2.

. See 1997 La. Acts 1502, § 1, approved October 3, 1998, effective November 5, 1998.