STONE, J.
Lin this post-conviction relief proceeding, pro se applicant, David Shoupe (“Shoupe”), seeks this court’s supervisory review of the trial court’s denial of his claim that he was entitled to a 12-person jury, rather than the 6-person jury which found him guilty as charged of driving while intoxicated (“DWI”), fourth offense. Since Shoupe’s punishment mandated hard labor, his conviction by the 6-person jury rather than a 12-person jury was improper. Accordingly, we grant Shoupe’s writ *347 application, vacate his conviction and sentence, and remand the matter for a new trial.
FACTS
Following his arrest for driving while intoxicated on July 3, 2008, the state filed a bill of information charging Shoupe with DWI, fourth offense, in violation of La. R.S. 14:98.[1] The state then twice amended the bill to charge Shoupe with “Driving "While Intoxicated—Subsequent Fourth Offense” in violation of La. R.S. 14:98. The predicate offenses included convictions for DWI, third offense, on October 4, 2000, Docket No. 208,796 in the 1st JDC; on August 14, 2003, Docket No. 216,027, in the 1st JDC; on August 14, 2003, Docket No. 225,967, in the 1st JDC; and on November 19, 2003, Docket No. 115,766, in the 26th JDC.[2]
The present matter was tried before a 6-person jury, which returned a unanimous verdict of guilty as charged on May 13, 2010. Thereafter, Shoupe was adjudicated a second-felony offender based on a prior |2conviction for aggravated burglary and sentenced to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. The trial court denied Shoupe’s motions for judgment of acquittal, a new trial, to quash the habitual offender bill, and for reconsideration of sentence. Shoupe then appealed on the grounds of insufficiency of the evidence, the denial of exculpatory evidence, the denial of his motion to quash, and excessive sentence. In State v. Shoupe, 46,395 (La.App.2d Cir.06/22/11), 71 So.3d 508, this court affirmed Shoupe’s conviction and amended his sentence to provide, in accordance with La. R.S. 14:98(E), that only the first 60 days of the sentence be served without benefit of parole.[3]
In an application for post-conviction relief filed on January 15, 2013, Shoupe claimed, inter alia, that his trial by a jury of 6 persons, instead of 12 persons, was in violation of La. Const. Art. I, § 17 and La. C. Or. P. art. 782(A) because his potential sentence included mandatory confinement at hard labor under the provisions of La. R.S. 14:98(E)(4)(a). The trial court denied Shoupe’s claim of improper jury composition. The trial court found that Shoupe had inexcusably failed to timely raise an objection on appeal.
Shoupe filed for supervisory review of the trial court’s denial of his application for post-conviction relief. Shoupe argued that he had been required to participate in substance abuse treatment and home incarceration as a special condition of probation imposed for his predicate DWI third-offense convictions.[4] Therefore, he argued that he faced a mandatory hard Llabor sentence under La. R.S. 14:98(E)(4)(a) for his DWI fourth-offense conviction and that he should have been tried by a 12-person jury.
On June 12, 2014, this court granted Shoupe’s writ application in part to remand for an evidentiary hearing and reconsideration of the jury composition claim in light of La. Const. Art. I, § 17; La. C. Cr. P. arts. 782 and 930.3; State v. Brown, 2011-1044 (La.03/13/12), 85 So.3d 52; and *348 State v. Jones, 2005-0226 (La.02/22/06), 922 So.2d 508.
At the evidentiary hearing on August 18, 2014, no evidence was presented. Counsel appointed for Shoupe argued that because Shoupe had previously been required to participate in substance abuse treatment and home incarceration as part of his sentences for his predicate DWI third-offense convictions, he was subject to a mandatory hard labor sentence and should have been tried by a 12-person jury. Counsel asserted that trial by a 6-person jury, when a 12-person jury is required, is a structural defect that nullifies the conviction and sentence. The state countered that Shoupe had not produced any evidence to show that he received substance abuse treatment as ordered by the court as part of the sentences imposed for his prior convictions. The state asserted that the condition of inpatient treatment had been waived by the trial court and that Shoupe’s probation officer reported that Shoupe had not completed that condition of probation. Based on Shoupe’s inability to prove that he met the requirements of substance abuse treatment and home incarceration, the trial court denied Shoupe’s claim.
Seeking supervisory review, Shoupe argues that he did not have to show that he actually completed substance abuse treatment. Under La. R.S. 14:98(E)(4)(a), Shoupe contends that imprisonment at hard labor was [.¡mandated if he had previously been required to participate in substance abuse treatment and home incarceration. Thus, Shoupe claims his conviction by the 6-person jury rather than a 12-person jury constituted a nonwaivable structural defect that requires automatic reversal.
In contrast, the state argues that Shoupe did not prove he was subject to mandatory hard labor. According to the state, the trial court granted Shoupe a postponement of his substance abuse treatment and the record does not indicate that Shoupe participated in substance abuse treatment prior to the expiration of his probationary period for his DWI third-offense convictions,[5]
This court ordered Shoupe’s writ granted to docket for our review, and stayed the matter pending the Louisiana Supreme Court’s decision in State v. Dahlem, 2013-0577 (La.App. 1st Cir.06/18/14), 148 So.3d 591, unit granted, 2014-1555 (La.03/27/15), 161 So.3d 646, which raised a similar jury composition issue. The stay was lifted following the Louisiana Supreme Court’s ruling in State v. Dahlem, 2014-1555 (La.03/15/16), 197 So.3d 676, and we now address the merits of Shoupe’s writ application.
DISCUSSION
The state’s bill of information charged Shoupe with “Driving While Intoxicated—Subsequent Fourth Offense” in violation of La. R.S. 14:98, and made no reference to any specific sentencing provision in the statute. At the time Shoupe committed the instant offense, La. R.S. 14:98 included two | ¡¡penalty provisions for a DWI fourth-offense conviction based upon the defendant’s prior sentencing history. Pursuant to La. R.S. 14:98(E)(1)(a), the unenhanced provision, a DWI fourth-offense conviction mandated the defendant “shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years,” with sixty days of the sentence imposed without benefit of proba *349 tion, parole, or suspension of sentence. However, if the defendant had previously been required to participate in substance abuse treatment and home incarceration for a DWI third-offense conviction, La. R.S. 14:98(E)(4)(a) mandated the defendant “shall be imprisoned at hard labor for not less than ten nor more than thirty years,” with at least three years of the sentence imposed without benefit of probation, parole, or suspension of sentence. (Emphasis added.)
During Shoupe’s 6-person jury trial, the state introduced documentary evidence (State’s Exhibit No. S-8) that established Shoupe was sentenced to substance abuse treatment and home incarceration for his DWI third-offense convictions.[6] Shoupe was found guilty of DWI fourth-offense, and pursuant to La. R.S. 15:529.1, subsequently adjudicated a second-felony offender and sentenced to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. In our review of the record, we could not determine whether the trial court considered evidence from Shoupe’s predicate DWI third-offense convictions in sentencing him. However, before this court amended Shoupe’s sentence, it was consistent with the enhanced language in | La. R.S. 14:98(E)(4)(a) and not the unenhanced language in La. R.S. 14:98(E)(1)(a).
Notwithstanding the equivocal bill of information and the uncertainty as to what provision of La. R.S. 14:98(E) the trial court sentenced Shoupe under, both the Louisiana Constitution and Code of Criminal Procedure mandate a defendant charged with an offense “in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons.” La. Const. Art. I, § 17; See also La. C. Cr. P. art. 782(A) (emphasis added). Once evidence was introduced at trial that Shoupe was required to participate in substance abuse treatment and home incarceration for his DWI third-offense convictions, sentencing under La. R.S. 14:98 E(l) was unavailable, State v. Wiltcher, 41,981 (La.App.2d Cir.05/9/07), 956 So.2d 769, 777, and his trial required a 12-person jury. As acknowledged by Justice Weimer in his dissent in State v. Dahlem, 2014-1555 (La.03/15/16), 197 So.3d 676:
Once the district court was alerted by the state’s evidence of the defendant’s prior sentence of substance abuse treatment and home incarceration, just as much as the district court was stripped of any discretion to sentence the defendant to incarceration without hard labor, so, too, was the court stripped of the ability to proceed with a six-person jury.
Thus, Shoupe’s trial by a 6-person jury was improper. See State v. Johnson, 2010-196 (La.App. 3d Cir.11/24/10), 52 So.3d 273; State v. Johnson, 2015-0472 (La.App. 1st Cir.06/2/16), — So.3d-, 2016 WL 3134588 (Welch, J., dissenting).
In State v. Jones, 2005-0226 (La.02/22/06), 922 So.2d 508, the Louisiana Supreme Court modified longstanding jurisprudence that an incorrect number of seated jurors, either more than or less than required, ^renders the verdict and sentence null. Instead, the court held that a conviction by a jury composed of a great *350 er number of persons than constitutionally required is no longer a nonwaivable jurisdictional defect subject to automatic nullity, but rather it is an error subject to harmless error analysis that requires reversal only if the defendant can demonstrate that he was prejudiced. See also State v. Brown, 2011-1044 (La.03/13/12), 85 So.3d 52.
Finding no structural error, the Louisiana Supreme Court concluded that receiving six more factfinders than constitutionally required did not prejudice the defendants in Jones and Brown, because they were afforded greater protections than the law required. The court in Jones and Brown, however, did not address the situation where a defendant is tried by a jury composed of a fewer number of persons than constitutionally required. In such a case, as in the case sub judiee, six of the constitutionally mandated factfinders are absent from the defendant’s jury trial.
Furnishing a defendant with fewer factfinders than constitutionally required cannot be considered a harmless error because the defendant is failing to receive the minimum procedural safeguards provided by law. It is the function of the jury to determine whether or not the state proved all the essential elements of the crime charged beyond a reasonable doubt. State v. Lacoste, 256 La. 697, 237 So.2d 871, 874 (1970). However, six of the jurors to which Shoupe was constitutionally entitled were not present to participate in the decision. As a result, Shoupe was denied a fair trial and due process under the law, and he must be retried by a 12-person jury.
CONCLUSION
IsBased on the foregoing and in accordance with La. Const. art. I, § 17 and La. C. Cr. P. Art. 782(A), David Shoupe’s writ application is granted. Shoupe’s conviction and sentence is vacated, and the matter is remanded for a new trial.
CONVICTION VACATED, REMANDED FOR NEW TRIAL.

. La. R.S. 14:98 has been amended and reenacted by Acts 2014, No. 385, § 1, effective January 1, 2015.

. Notably, the record shows that Shoupe had actually pled guilty to DWI six times. This matter was his seventh DWI conviction.

. Shoupe’s original sentence was consistent with La. R.S. 14:98(E)(4)(a), the enhanced sentencing provision for DWI fourth-offenders previously sentenced to substance abuse treatment and home incarceration for a predicate DWI-third conviction.

. Docket Nos. 216,027 and 225,957.

. La. C. Cr, P. art. 898 provides that: Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897, the defendant shall have satisfied the sentence imposed. Where part of a sentence is suspended, this provision shall not apply until the unsuspended part has been satisfied.

. In reference to the state’s argument, La. R.S. 14:98(E)(4)(a) does not require the offender actually participate in substance abuse treatment, but only requires the offender have "been required to participate in substance abuse treatment” for a DWI third-offense conviction. Even though the trial court postponed Shoupe’s substance abuse treatment, he was still required to participate in substance abuse treatment after his recovery from a medical condition. Accordingly, Shoupe was eligible for the enhanced sentencing provision in La. R.S. 14:98(E)(4)(a).