STEPHENS, J.
This criminal appeal arises from the Third Judicial District Court, Parish of Lincoln, State of Louisiana. The defendant, Lance Andrew Johnston, was charged with one count of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 and one count of attempted simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 and 14:27. The state dismissed the first count. After a jury trial on the second count, Johnston was found guilty as charged and sentenced to six years at hard labor. Johnston filed motions for a new trial and for a post-verdict judgment of acquittal, which were denied. On appeal, Johnston argues he was improperly tried by a six-person jury rather than a twelve-person jury and challenges the sufficiency of the evidence. For the following reasons, Johnston's conviction and sentence are vacated and the case is remanded for a new trial.
FACTS
On August 11, 2015, the Lincoln Parish Sheriff's Office ("LPSO") received a call reporting an attempted break-in to a home. The complainant took a photo of the vehicle as the suspect drove away. LPSO issued a BOLO ("be on the lookout"); the vehicle was subsequently stopped and the driver, who was later identified as the defendant, Lance Andrew Johnston, was detained. Johnston was arrested for criminal trespass and driving with a suspended license. Later that same day, LPSO received a report that jewelry and approximately $600.00 in cash was stolen from another home in the area. A search warrant for Johnston's home was executed but failed to produce any of the stolen items.
Johnston was charged by bill of information with simple burglary of an inhabited dwelling and attempted simple burglary of an inhabited dwelling. The state subsequently dismissed the first count but maintained the second count.
Johnston's trial commenced. Six jurors were selected from the jury pool along with two alternate jurors. After deliberation, Johnston was found guilty as charged. Johnston filed motions for a new trial and for a post-verdict judgment of acquittal, which were denied. A presentence investigation ("PSI") report was ordered. Johnston was subsequently sentenced to serve six years at hard labor.[1] This appeal by Johnston ensued.
DISCUSSION
Johnston argues that as his sentence was necessarily punishable at hard labor, he was entitled to a trial by a twelve-person jury. Johnston was tried by a six-person jury, though, and contends that a verdict rendered by a jury composed of *1233 fewer than the constitutionally and statutorily mandated number of jurors is null. Accordingly, Johnston argues that his sentence and conviction should be vacated and the case should be remanded for a new trial.
Article 1, Section 17 of the Louisiana Constitution provides, in pertinent part:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict.
(Emphasis added.) Furthermore, La. C. Cr. P. art. 782(A) clearly requires a twelve-member jury for those cases where hard labor is mandated.
The Louisiana Supreme Court has consistently held that a verdict returned by a jury composed of fewer than the correct number of jurors is null. State v. Jenkins , 406 So.2d 1352 (La. 1981) ; State v. Bennett , 270 So.2d 840 (1972) ; State v. Crawford , 195 La. 428, 196 So. 921 (1940). In State v. Jenkins , the defendant was convicted of simple burglary of an inhabited dwelling by a jury comprised of six people. The Louisiana Supreme Court held that as the crime carried a mandatory hard labor sentence, the defendant was entitled, by constitutional and statutory mandate, to a trial before a twelve-person jury. Thus, the verdict returned by the six-person jury was null. The court stated, "unlike most procedural errors discoverable on the face of the record, La. C. Cr. P. Art. 920(2), decreased jury size necessarily affects the fundamental fairness of proceedings against a criminal accused and hence, mandates reversal of his conviction." Id. at 1353 (citation omitted). The defendant's conviction and sentence were reversed, and the matter was remanded for retrial.
Subsequent Supreme Court decisions have held, however, that being tried by more than the constitutionally and statutorily required number of juror's does not constitute a nonwaivable jurisdictional defect subject to automatic nullity. See State v. Brown , 2011-1044 (La. 3/13/12), 85 So.3d 52. and State v. Jones , 2005-0226 (La. 2/22/06), 922 So.2d 508. In State v.Jones , the court abrogated its century-old approach to numerical jury composition errors and held that where there were more jurors than required, the issue was subject to harmless error rather than automatic reversal. The court in State v. Brown formally recognized the abrogation in State v. Jones and imposed upon the defendant the additional duty of preserving the error for appeal either by making a formal objection at trial or raising the issue in an assignment of error.
Most recently, though, this Court in State v. Shoupe , 50,068 (La. App. 2 Cir. 7/20/16), 215 So.3d 345 upheld the principle set forth by State v. Jenkins that a jury comprised of too few jurors is a structural defect which entitles the defendant to a new trial.
Simple burglary of an inhabited dwelling is punishable by imprisonment at hard labor for not less than one year, without benefit of parole, probation, or suspension of sentence, nor more than twelve years. La. R.S. 14:62.2. On an attempt charge, La. R.S. 14:27(D)(3) provides that a defendant shall be imprisoned "in the same manner as for the offense attempted[.]" Thus, the penalty for a conviction of attempted simple burglary of an inhabited dwelling is imprisonment at hard labor for not more than six years. See La. R.S. 14:62.2 and *1234 La. R.S. 14:27(D)(3) ; State v. Williams , 47,245 (La. App. 2 Cir. 8/22/12), 103 So.3d 558.
The trial court record indicates that Johnston was tried by a six-person jury. Although the voir dire transcript is not included in the record and the jury was not polled, the minutes state that "[a] panel of six good and true persons [were] chosen to serve as jurors[.]" A copy of the jury selection sheet, with the names of the six jurors and two alternate jurors circled, was also included in the record. Lastly, on October 25, 2016, prior to jury selection, the following conversation occurred between the trial court and counsel:
THE COURT: Okay. So I will have-and this is-let's go ahead and do all this on the record. It's a six person jury. Does everyone agree with that?
MR. BUCKLEY: Yes.
THE COURT: And you get six peremptory challenges for the State and six for the Defense. Does everyone agree with that?
MR. BUCKLEY: Yes.
THE COURT: All right. And I'm going to go ahead and pick two alternates.
Because attempted simple burglary of an inhabited dwelling carries a mandatory hard labor sentence, Johnston was entitled to a twelve-person jury rather than a six-person jury. Accordingly, the verdict rendered by the jury is null, and Johnston is entitled to a new trial before a panel of 12 jurors. Johnston's sufficiency of the evidence claim is pretermitted.
CONCLUSION
For the aforementioned reasons, the conviction and sentence of Lance Andrew Johnston are vacated and the case is remanded for a new trial.
VACATED AND REMANDED.

On December 1, 2016, the state also filed a habitual offender bill against Johnston, but no further multiple offender proceedings have occurred.