THERIOT, J.
li-The defendant, Gerald W. Dahlem, was found guilty by a jury of fourth-offense driving while intoxicated. The trial court *594 adjudged him a third-felony habitual offender and sentenced defendant to twenty-five years at hard labor, without benefit of probation or suspension of sentence. For the following reasons, we affirm the conviction, habitual offender adjudication and sentence.

FACTS AND PROCEDURAL HISTORY

On November 10, 2011, at approximately 4:00 a.m., Louisiana State Police Trooper Steven Dan Manning was patrolling on Marshall Richardson Road in Bogalusa. He observed a pickup truck being driven by the defendant cross the centerline to the left, veer back to the right, and then run off the road. When Trooper Manning initiated a traffic stop, he observed that the defendant swayed as he stood; he had an odor of alcohol on his breath; his speech was slurred; and his eyes were glassy and bloodshot. He conceded he had drunk “several” beers and had been “drinking driving.” Thereafter, he submitted to a chemical test of his breath, and a sample he provided at 4:05 a.m. indicated his blood-alcohol level was 0.180. He also performed poorly on the field sobriety tests. Furthermore, the defendant did not have a valid driver’s license.
The defendant was charged by bill of information with one count of fourth-offense driving while intoxicated[1] (DWI) (count I), a violation of La. R.S. 14:98; one count of improper lane usage (count II), a violation of La. R.S. 32:79; one count of license plate light required (count III), a violation |sof La. R.S. 82:304(C); and one count of driving under suspension (count IV), a violation of La. R.S. 32:415(A); and pled not guilty on all counts. The State severed counts II-IV prior to the presentation of evidence. Following a jury trial on count I, the defendant was found guilty as charged and was sentenced to twenty-five years at hard labor, with three years without benefit of parole, probation, or suspension of sentence, pursuant to La. R.S. 14:98(E)(4)(a). The defendant moved for reconsideration of sentence, and the motion was denied.
Thereafter, the State filed a habitual offender bill of information against the defendant, alleging he was a third-felony habitual offender.[2] The defendant agreed with the allegations of the habitual offender bill, and the trial court adjudged him a third-felony habitual offender, vacated the previously imposed sentence, and sentenced him to twenty-five years at hard labor, without benefit of probation or suspension of sentence. The defendant timely filed an appeal.

ASSIGNMENTS OF ERROR

The defendant has filed a counseled brief and a pro se brief asserting:
1) The trial court imposed an unconstitutionally excessive sentence.
2) He was denied a fair trial and due process of law by being tried by a six-person petit jury.
3) He was denied a fair trial and due process of law because the predicate *595 DWI evidence was insufficient due to an invalid first-offense DWI predicate.
1⅜4) He was denied a fair trial and due process of law due to prosecutorial misconduct.
5) He was denied a fair trial and due process of law because an invalid predicate, based on a juvenile adjudication for theft, was used to obtain the habitual offender adjudication.

EXCESSIVE SENTENCE

In his sole counseled assignment of error, the defendant argues the trial court imposed a constitutionally excessive sentence in this matter because his “criminal history has demonstrated that he has a severe problem with alcohol.”
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La.10/5/01), 798 So.2d 962. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. State v. Harper, 2007-0299 (La.App. 1st Cir.9/5/07), 970 So.2d 592, 602, writ denied, 2007-1921 (La.2/15/08), 976 So.2d 173.
Louisiana Constitution Article I, Section 20 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is | .^considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 797 So.2d at 83.
Pursuant to La. R.S. 14:98, the defendant’s sentencing exposure was imprisonment at hard labor for not less than ten nor more than thirty years, with at least three years of the sentence without benefit of suspension of sentence, probation, or parole. See La. R.S. 14:98(E)(4)(a). As a third-felony habitual offender, his sentencing exposure increased to imprisonment at hard labor for not less than twenty nor more than sixty years, with at least three years of the sentence without benefit of suspension of sentence, probation, or parole. See La. R.S. 15:529.1(A)(3)(a); State v. Bruins, 407 So.2d 685, 687 (La.1981) (“It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute.”). The defendant was sentenced as a third-felony habitual offender to twenty-five years at hard labor, without benefit of probation or suspension of sentence.
At the habitual offender hearing, the trial court stated, under La.Code *596 Crim. P. art. 894.1, it had considered the aggravating and mitigating factors and found that during the period of a suspended sentence, there was an undue risk the defendant would commit another crime. The court also found |f;the defendant was in need of correctional treatment or a custodial environment and any lesser sentence would deprecate the seriousness of his crime.
A thorough review of the record reveals the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. See La.Code Crim. P. art. 894.1(A)(1), (A)(2) & (A)(3). Additionally, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive.
This assignment of error is without merit.

INCORRECT NUMBER OF JURORS

In pro se assignment of error number 1, the defendant argues he was improperly tried before a six-member petit jury for a felony requiring hard labor.
A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried before a jury of six persons, all of whom must concur to render a verdict. La. Const, art. I, § 17(A); La.Code Crim. P. art. 782(A). The instant case was tried before a six-person jury.
In connection with predicate # 3, the State introduced into evidence a bill of information, commitment, minutes of guilty plea and sentencing, and transcript of guilty plea and sentencing. The documents indicated the defendant pled guilty to third-offense DWI and was sentenced to three years at hard labor, with all but eighty days of the sentence suspended, and three years of supervised probation. Special conditions of probation included that the defendant submit to an evaluation by the Department of Health and Hospitals, |7Office of Addictive Disorders, to determine the nature and extent of his substance abuse, and that he participate in any treatment plan recommended by that office, including inpatient treatment for at least four weeks. Additionally, the court ordered the defendant would be subject to home incarceration during the entire period of probation.
Louisiana Revised Statutes 14:98(E)(4)(a) provides:
If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to subsection D of this Section,[3] the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. (Emphasis added).
Until recently, longstanding jurisprudence of the Louisiana Supreme Court considered errors involving trials conducted in the wrong jury forum, whether the selected panel included a greater or lesser number of jurors than required by law, nonwaivable jurisdictional defects which rendered any verdict returned absolutely null. State v. Brown, 2011-1044 (La.3/13/12), 85 So.3d 52, 53 (per curiam).
*597 In Brown, 85 So.3d at 54, however, the court noted that in State v. Jones, 2005-0226 (La.2/22/06), 922 So.2d 508, 511, it had found the error of trying a six-person jury offense before a twelve-person jury to be a trial error subject to harmless error analysis, rather than a structural[4] or jurisdictional [5] defect in the proceedings. The court in Brown held a necessary corollary of |s/ones was that a wrong jury forum error was subject to Louisiana’s procedural default rules which generally require a defendant to timely preserve trial errors in the trial court for subsequent appellate review. See La.Code Crim. P. art. 841(A). The Brown court further held grounds for arresting judgment as a matter of La.Code Crim. P. art. 859, including jury composition errors under La.Code Crim. P. art. 782, might provide narrow exceptions to the contemporaneous objection rule, but, under La.Code Crim. P. art. 861, a motion in arrest of judgment was required to be “filed and disposed of before sentence.” Brown, 85 So.3d at 54-55. In Brown, the court found the defendant “acquiesced in the error of trying a six-person jury offense in a twelve-person jury forum by actively participating in the selection of a twelve-person jury without objection at any stage of the proceedings and thereby waived any relief on appeal on grounds that the panel selected was composed of a greater number of jurors than required by law”. Brown, 85 So.3d at 53.
In the instant case, the defendant acquiesced in the error of trying a twelve-person jury offense in a six-person jury forum. He raised no objection at voir dire when the trial court announced, “[t]he purpose of this process is for us to select six people who can fairly and impartially hear the evidence in this case and decide the case.” Thereafter, he participated in the selection of the six-person jury. Additionally, he failed to file a motion in arrest of judgment. Accordingly, the wrong jury forum error was waived.

PREDICATE DWI EVIDENCE

In pro se assignment of error number 2, the defendant argues the State presented insufficient evidence concerning identification in regard to predicate DWI offense # 1.
|9In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. The state must additionally offer proof that the accused is the same person as the defendant previously convicted. Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defen *598 dant in the evidence of a prior conviction, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver’s license number, sex, race and date of birth. The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. See State v. Westbrook, 392 So.2d 1043, 1045 (La.1980) (on rehearing); State v. Pitre, 532 So.2d 424, 426 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989).
The bill of information charging the instant offense identified the defendant as “Gerald W. Dahlem,” “DOB: 05/04/1971[,]” and listed his address as 11231 Hwy 21S, Bogalusa, Louisiana, 70427. The defendant did not challenge the accuracy of the identifying information on the bill.
At trial, the State presented testimony from Louisiana Department of Probation and Parole Officer Aaron Moran. Officer Moran identified the defendant in court and testified he supervised the defendant during his probation in connection with DWI Predicate #3. Officer Moran indicated the first predicate offense for DWI predicate # 3 was DWT predicate #1.
Thereafter, in connection with DWI predicate # 1, the State introduced into evidence State Exhibit # 9, certified true copies of: the bill of information charging “DAHLEM, GERALD W.,” white male, date of birth May 4, 1971, driver’s license #5515517, address 11231 Highway 21, | inBogalusa, Louisiana, with DWI committed on December 24, 2000; extracts of minutes indicating “DAHLEM, GERALD W.,” date of birth May 4, 1971, driver’s license #5515517, on May 15, 2002 pled guilty as charged “under Art. 894,” and a waiver of constitutional rights form for DWI, executed by Gerald Dahlem, date of birth May 4, 1971, on May 15, 2002, with benefit of counsel. The defense objected that the defendant had not been identified as the person that was the subject of the paperwork. The trial court overruled the objection, and the defense objected to the court’s ruling.
There was no abuse of discretion. The State sufficiently established the defendant was the same person convicted in predicate # 1.
This assignment of error is without merit.

PROSECUTORIAL MISCONDUCT

In pro se assignment of error number 3, the defendant argues the State was guilty of prosecutorial misconduct because it presented false testimony from Officer Moran that he “personally supervised” the defendant, and that the first-offense DWI listed on the bill of information concerning DWI predicate # 3 had the same docket number as DWT predicate #1.
Initially, we note the defendant failed to contemporaneously object to the accuracy of the challenged testimony from Officer Moran, and thus, the instant claim was not preserved for review. See La.Code Evid. art. 103(A)(1) (“Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection ... appears of record, stating the specific ground of objection”); La.Code Crim. P. art. 841(A) (“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”); State v. Trahan, 93-1116 (La.App. 1st Cir.5/20/94), 637 So.2d 694, 704 (“The grounds for objection must be sufficiently brought to the court’s attention to |nallow it the opportunity to make the *599 proper ruling and prevent or cure any error.”).
Moreover, although the bill of information concerning DWI predicate #3 identified the first-offense DWI listed thereon as the defendant’s May 15, 2002 conviction, under Jefferson Parish Docket number “F1360-18,” rather than the defendant’s May 15, 2002 conviction, under Jefferson Parish Docket number “F13560-18,” considering the other identifying information presented by the State, no substantial rights of the accused were affected by the typographical error. See La.Code Crim. P. art. 921.
This assignment of error is without merit.

HABITUAL OFFENDER PREDICATE #1

In pro se assignment of error number 4, the defendant argues habitual offender predicate # 1 was unavailable for use as a predicate to enhance his sentencing exposure because it was a third-offense conviction for theft, and his first-offense conviction for theft occurred when he was a juvenile.
In order to challenge the validity of a predicate offense listed in a habitual offender bill of information, the defendant must file a written response to the habitual offender bill, setting forth his claim, and the factual basis therefor, with particularity. The defendant has the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. See La. R.S. 15:529.1(D)(l)(b).
In the instant case, the defendant failed to file a written response to the habitual offender bill. At the habitual offender hearing, defense counsel “preserve[d]” his previously filed motions for appeal and to reconsider sentence. Thereafter, he specifically admitted that “those two prior 112convictions are, in fact, [the defendant’s],” but preserved his right to challenge whether or not a fourth-offense DWI was subject to enhancement under the habitual offender law.
The instant claim was not preserved for review. See La. R.S. 15:529.1(D)(l)(b); La.Code Crim. P. art. 841(A); Trahan, 637 So.2d at 704.
This assignment of error is without mer-

REVIEW FOR ERROR

Initially, we note that our review for error is pursuant to La.Code Crim. P. art. 920, which provides that the only matters to be considered on appeal are errors designated in the assignments of error and “error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.Code Crim. P. art. 920(2).
The defendant was sentenced as a third-felony habitual offender to twenty-five years at hard labor, without benefit of probation or suspension of sentence. However, at least three years of the sentence should have been imposed without benefit of parole. See La. R.S. 14:98(E)(4)(a), La. R.S. 15:529.1(A)(3)(a), & Bruins, 407 So.2d at 687.[6] Although the failure to deny parole is error under La. Code Crim. P. art. 920(2), it is certainly harmless error. The defendant is not *600 prejudiced in any way by the court’s failure to deny him parole. Because the trial court’s failure to deny parole was not raised by the State in either the trial court or on appeal, we are not required to take any action. As such, we decline to correct the illegally lenient sentence. See State v. Price, 2005-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0180 (La.2/22/08), 976 So.2d 1277.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
HIGGINBOTHAM, J., concurs.
KUHN, J., concurs and assigns reasons.

. Predicate # 1 was set forth as the defendant's May 15, 2002 conviction, under Parish of Jefferson Docket #F13560-18, for first-offense DWI. Predicate # 2 was set forth as the defendant's February 19, 2004 conviction, under Parish of Washington Docket # 03-CR-89114, for first-offense DWI. Predicate #3 was set forth as the defendant’s July 9, 2010 conviction, under Parish of Washington Docket # 10-CR1-108537, for third-offense DWI.

. Predicate # 1 was set forth as the defendant's May 22, 2007 conviction, under Twenty-second Judicial Court Docket # 424062, for theft between $300 and $500. Predicate # 2 was set forth as the defendant's June 26, 1997 conviction, under Fifteenth Judicial Court Docket # 75466, for distribution of marijuana.

. La. R.S. 14:98(D) sets forth the penalty for third-offense DWI.

. A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.” Structural errors infect the entire trial process and necessarily render a trial fundamentally unfair; they deprive a defendant of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence. The United States Supreme Court has found structural errors in "only a very limited class of cases.” Structural defects have been restrictively defined to include the total deprivation of the right to counsel, a biased trial judge, unlawful exclusion of grand jurors of defendant's race, denial of self-representation at trial, denial of a public trial, and a defective reasonable doubt instruction. State v. Ruiz, 2006-1755 (La.4/11/07), 955 So.2d 81, 85-86. (Citations omitted).

. In State v. Langley, 2006-1041 (La.5/22/07), 958 So.2d 1160, 1169 n. 7, cert. denied, 552 U.S. 1007, 128 S.Ct. 493, 169 L.Ed.2d 368 (2007), the Louisiana Supreme Court rejected the position that structural errors or defects necessarily constitute the functional equivalent of jurisdictional defects which render the proceedings not merely voidable but absolutely null. (Emphasis in original).

. La. R.S. 15:301.1 (A) cannot remedy the sentencing error because "at least" three years of the sentence imposed was required to be without benefit of suspension of sentence, probation, or parole.