# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #015

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of March, 2016**, are as follows:

**BY CRICHTON, J.**:

2014-KO-1555      STATE OF LOUISIANA v. GERALD W. DAHLEM (Parish of Washington)
                  (Habitual Offender)

                  Based upon the foregoing analysis, although we find the trial
                  court may have considered the documentary evidence necessary to
                  impose the enhanced provisions set forth in 14:98(E)(4)(a), as
                  evidenced by the trial court's original sentence, we are unable
                  to reach the jury composition issue.  Even assuming a possible
                  jury composition error, we find it was rendered moot by the
                  defendant's multiple offender status, which required that he be
                  sentenced under the mandatory hard labor requirement set forth in
                  La.  R.S.  15:529.1(G).    For  these  reasons,  we  affirm  the
                  defendant's conviction and sentence.
                  AFFIRMED.

                  KNOLL, J., additionally concurs and assigns reasons.
                  WEIMER, J., dissents and assigns reasons.
                  HUGHES, J., concurs in the result.

## SUPREME COURT OF LOUISIANA

## NO. 2014-KO-1555

## STATE OF LOUISIANA

## VERSUS

## GERALD W. DAHLEM

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF WASHINGTON

**CRICHTON, J.**

We granted the writ application in this case to determine whether trial by a jury composed of fewer jurors than required by law is a non-waivable structural defect which requires that a defendant's conviction be reversed and his sentence vacated. Specifically, the narrow question before us is whether defendant was denied a fair trial and due process of law because he was, without contemporaneous objection at trial, tried by a six-person jury, instead of a twelve-person jury, on a fourth offense Driving While Intoxicated ("DWI") charge. Following deliberations, the six-person jury found defendant guilty, and the trial court sentenced defendant as a habitual offender to 25 years without benefit of parole, probation, or suspension of sentence. The court of appeal affirmed both defendant's conviction and his sentence. For reasons that follow, we find that due to defendant's multiple offender status and subsequent sentence as such, his trial by a six-person jury was not an error requiring his conviction be reversed or his sentence vacated. We therefore affirm the lower courts' rulings and decline to reach the broader jury composition issue in this case.

# FACTS AND PROCEDURAL HISTORY

Defendant was arrested in Bogalusa, Louisiana, on November 10, 2011, for DWI, fourth offense, after a Louisiana state trooper witnessed a pickup truck driven by the defendant cross the centerline to the left, veer back to the right, and then run off of the road. When the trooper initiated a traffic stop, he observed that defendant swayed as he stood, had an odor of alcohol on his breath, his speech was slurred, and his eyes were glassy and bloodshot. Defendant's blood alcohol level registered 0.180.

On January 17, 2012, the state filed a bill of information, charging defendant with one count of driving while intoxicated, fourth offense, a violation of La. R.S. 14:98 (Count I). He was also charged with improper lane usage (a violation of La. R.S. 32:79), a license plate light violation (a violation of La. R.S. 32:304(C)), and driving under a suspended license (a violation of La. R.S. 32:415) (Counts II, III, and IV, respectively).[1] The defendant pleaded not guilty on all counts.

---

[1] The Bill of Information, dated January 17, 2012, specifically provides as follows:

COUNT I
R.S. 14:98 DRIVING WHILE INTOXICATED, by operating a motor vehicle while under the influence of alcohol or any scheduled controlled dangerous substance or while under the influence of alcohol and one or more drugs which is not a scheduled controlled dangerous substance.

And now the District Attorney informs this Honorable Court that this is a FOURTH offense, the defendant having previously been convicted of operating a motor vehicle while under the influence of alcoholic beverages on May 15, 2002, in docket number F1360-18 in the Parish of Jefferson, State of Louisiana.

And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on February 19, 2004, in docket number 03-CR-89114, in the Parish of Washington, State of Louisiana.

And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on July 9, 2010, in docket number 10-CR1-108537, in the Parish of Washington, State of Louisiana.

COUNT 2
R.S. 32:79 IMPROPER LANE USAGE, by operating a motor vehicle on a public highway and improperly using the lanes for traffic.

COUNT 3

A jury trial began on April 30, 2012, at which time the state severed counts two through four, and proceeded to trial only on Count I, which carried a penalty range with or without hard labor for "not less than ten years no more than thirty years." La. R.S. 14:98(E)(1)(a). Considering the bill of information and the related penalty range, the prosecution and defense chose a jury of six people, without any contemporaneous objection from either side at any time. More specifically, neither the defendant nor the prosecution requested a twelve-person jury at any time before or during trial. On May 1, 2012, the jury found defendant guilty as charged, and the trial court denied a Motion for New Trial and a Motion for Post Verdict Judgment of Acquittal. Defendant was ultimately sentenced to 25 years at hard labor, with three years to be served without benefit of probation, parole, or suspension of sentence. [2] The defendant moved for reconsideration of his sentence, which the trial court also denied.

Shortly thereafter, the State filed a Multiple Offender Bill of Information,

---

R.S. 32:304C LICENSE PLATE REQUIRED, either tail lamp or separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear.

COUNT 4
R.S. 32:415 DRIVING UNDER SUSPENSION, by operating a motor vehicle on a public highway while his driver's license was under suspension.

[2] The transcript from the defendant's original sentencing hearing on September 24, 2012, reveals the following statements by the trial court:

\*\*\*

Basically, I feel that Mr. Dahlem has shown a disregard for the normal rules and an unwillingness to abide by the normal rules. And I believe that without a significant jail sentence that Mr. Dahlem would be likely to perform or commit additional acts, criminal acts. And I think it's his good fortune and our good fortune that no one has been significantly injured or killed at this point based on your driving while intoxicated. And I have seen those in front of me, Mr. Dahlem, who are much less fortunate.

I have reviewed the sentencing guidelines under article 894.1. And having considered both the aggravating and mitigating factors, I'm going to sentence you in this case to 25 years at hard labor in the custody of the Department of Corrections. Three of those years will be served without the benefit of parole, probation, or suspension of sentence.

\*\*\*

3

alleging the defendant was a third felony offender.[3] After a hearing on October 29, 2012, the defendant admitted the allegations in the Multiple Offender Bill. The trial court, after considering the factors set forth in La. C.Cr.Pr. art. 894.1 (the sentencing guidelines) and all other evidence in the case,[4] vacated its original sentence and re-sentenced the defendant under La. R.S. 15:529.1 to serve 25 years imprisonment at hard labor, without the benefit of probation or suspension of sentence.

The defendant timely appealed to the Court of Appeal, First Circuit, asserting five assignments of error, both counseled and pro se.[5] In one of his pro se assignments of error, asserted for the first time on appeal,[6] defendant avers he was denied a fair trial and due process of law by being tried by a six-person jury for a felony requiring hard labor, as under La. Const. art. I, §17(A), a case in which the punishment is necessarily hard labor requires a jury of twelve persons. The

---

[3] The Multiple Offender Bill of Information states that on May 22, 2007, the defendant was convicted of theft between $300 and $500, a violation of La. R.S. 14:67 and was sentenced to two (2) years with the Department of Corrections and three (3) years of probation. The defendant was also convicted of distribution of marijuana, a violation of La. R.S. 40:966, on June 26, 1997, and was sentenced to five (5) years with the Department of Corrections (suspended) and three (3) years of probation.

[4] The pre-sentencing investigation report in this matter, relied upon heavily by the trial judge at sentencing, shows that, beginning in 1990, defendant has been arrested twenty-seven (27) times prior to the instant offense, for various crimes including theft, criminal trespass, disturbing the peace, simple battery, and simple burglary (among others).

[5] The defendant asserted on appeal that: 1) the trial court imposed an unconstitutionally excessive sentence; 2) he was tried before an improper number of jurors; 3) he was denied a fair trial and due process of law because the predicate DWI evidence was insufficient as a result of an invalid first-offense DWI predicate; 4) he was denied a fair trial and due process of law because of prosecutorial misconduct; and 5) he was denied a fair trial and due process of law because an invalid predicate, based on a juvenile adjudication for theft, was used to obtain the habitual offender adjudication.

In affirming the defendant's conviction and sentence, the court of appeal found the trial court adequately considered the criteria of La. C.Cr.Pr. art. 894.1, and did not manifestly abuse its discretion in imposing defendant's sentence. Moreover, the appellate court found the sentence imposed was not grossly disproportionate to the severity of the offense, and therefore, was not unconstitutionally excessive. The court of appeal also found no abuse of discretion in the trial court's finding that the State sufficiently established that the defendant was the same person convicted in predicate number one (1), and the court also declined to find prosecutorial misconduct in this case. The appellate court also found the defendant's assignment of error number five (5), concerning his habitual offender predicate, was not properly preserved for review, as defendant did not file a written response to the habitual offender bill.

[6] Defendant did not object during the selection of the jury, participated in the selection of the six-person jury, and failed to file a motion in arrest of judgment at the trial court level.

appellate court disagreed, finding that because the defendant was sentenced to substance abuse treatment and home incarceration as a result of his predicate third offense DWI, under La. R.S. 14:98(E)(4)(a), the defendant "shall be imprisoned at hard labor for not less than ten nor more than thirty years." In this instance, the appellate court noted the defendant was erroneously tried by a six-person jury; however, he acquiesced in the error because he raised no objection at voir dire when the trial court announced it would be selecting a six person jury, nor did the defendant file a motion in arrest of judgment. Therefore, the court of appeal found, the wrong jury forum error was waived. *State v. Dahlem*, 13-0577 (La.App. 1 Cir. 6/18/14), 148 So.3d 591.

Judge Kuhn concurred in the court of appeal's opinion, but disagreed with the majority's conclusion that a jury composition error occurred in this case. In Judge Kuhn's view, "La. R.S. 14:98(E)(4)(a) does not create a new crime entitling a defendant to a trial by a twelve-person jury, but merely provides for enhancement of the sentence for a fourth-offense DWI sentence if the offender previously has been required to participate in substance abuse treatment and home incarceration as the result of a third-offense DWI conviction." *Dahlem,* 13-577, p. 1, 148 So.3d at 600. Judge Kuhn also noted that even if there was an error in the jury composition, it would be subject to a harmless error analysis under *State v. Brown,* 11-1044 (La. 3/13/12), 85 So.3d 52, 53 (*per curiam*), and is not reversible unless the defendant is actually prejudiced. Moreover, Judge Kuhn observed, the defendant waived any objection to the error in the jury composition by actively participating in the selection of the six-person jury that ultimately unanimously convicted him.

This Court subsequently granted the defendant's writ application, with the specific instruction that the Court's review was to be limited to the jury composition issue. *State v. Dahlem,* 14-1555 (La. 3/27/15), 161 So.3d 646.

**LAW AND ANALYSIS**

5

In brief, the defendant asserts that the court of appeal erred because the failure to conduct his trial before a twelve person jury under La. Const. art. I, § 17(A) constitutes a non-waivable structural defect that requires his conviction be reversed and his sentence vacated. In the alternative, if this Court finds the error is not structural, defendant avers it fails the harmless error analysis, which also dictates his conviction be reversed, his sentence vacated, and the matter be remanded for a new trial.

In contrast, the state asserts the defendant waived any error by failing to make a contemporaneous objection, as required by La. C.Cr.Pr. art. 841. Moreover, the state maintains that this was not a structural error, and again, was waived, as it was first asserted on appeal. According to the State, a fourth offense DWI is subject to a six- person jury, and La. R.S. 14:98(E)(4)(a) is only an enhancement provision and does not dictate a six- or twelve-person jury. If the state had failed to prove the defendant's predicate offenses, sentencing under the enhanced provision was only a possibility and never a certainty. Finally, the state avers any error was harmless, as there was overwhelming evidence of defendant's guilt in this matter, also established by the unanimous jury verdict.

As stated above, the narrow issue defined by this Court is whether, in this instance, trial by an incorrect number of jurors warrants reversal of the defendant's conviction. Article I, § 17(A) of the Louisiana Constitution provides, in pertinent part:

> **Jury Trial in Criminal Cases**. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. . . .[7]

---

[7] La. C.Cr.Pr. art. 782 similarly provides:

In *State v. Jones*, 05-0226 (La. 2/22/06), 922 So.2d 508, defendant was charged by bill of information with one count of DWI, fourth offense, a violation of La. R.S. 14:98(E). The defendant was tried by a jury of twelve, which unanimously found him guilty as charged. The trial court sentenced Jones to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. While reviewing the merits, the appellate court found that defendant had been incorrectly tried before a jury of twelve jurors, rather than six jurors as required by La. Const. Art. I, § 17. Noting that this Court has previously held that "trial by an incorrect number of jurors, either more than or less than required, renders the verdict and sentence null," the *Jones* court stated it must determine whether such a constitutional error automatically requires reversal, or whether it is subject to a harmless error analysis, warranting reversal only when the defendant is actually prejudiced. *Id.*, 05-0226 at p. 3-4, 922 So.2d at 511. The Court explained:

> A structural error is one which affects the framework within which the trial proceeds. *Arizona v. Fulminante*, 499 U.S. 279, 307-311, 111 S.Ct. 1246, 1264-1265, 113 L.Ed.2d 302 1991). Constitutional structural errors warrant automatic reversal. *Arizona v. Fulminante*, 499 U.S. at 307-311, 111 S.Ct. at 1264-1265. Structural defects are fatal and have been restrictively defined to include the complete denial of counsel, *see Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); adjudication by a biased judge, see *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); exclusion of members of defendant's race from a grand jury, *see Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right to self-representation at trial, *see McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); the right to a public trial, see *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); and the right to a jury verdict of guilt beyond a reasonable doubt, *see Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

A.    Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
B.    Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases.

*Id.*

The *Jones* court further noted, however, that not all constitutional errors are structural, and in fact, most are subject to a harmless error analysis. *Id.*, *citing Sullivan v. Louisiana*, 508 U.S. 275, 278-9, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Utilizing the harmless error analysis, the court in *Jones* found that the defendant's conviction by a unanimous twelve-person jury did not result in any prejudice to him and remanded the case to the appellate court. In so concluding, the *Jones* court set forth a bright-line rule that juries composed of greater numbers of persons than constitutionally required no longer constitute a non-waivable jurisdictional defect subject to automatic reversal. Critically, however, the Court stated in a footnote, ""[o]ur holding here today does not guarantee the same result would be reached if a lesser number of jurors had been empaneled than required by law, or if there was no unanimity of verdict." *Jones*, 05-0226 at 7, n. 9, 922 So.2d at 513.

This Court more recently considered a similar issue in *State v. Brown*, 11-1044 (La. 3/13/12), 85 So.3d 52, wherein a jury of twelve persons convicted the defendant as charged of simple burglary of a religious building by a non-unanimous, 10-2 vote. The trial court sentenced the defendant to 12 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Although the appellate court had reversed his conviction and sentence based upon defendant's trial by a twelve-person jury, where defendant should have had a six-person jury, this Court pointed to its decision in *State v. Jones, supra*, to reiterate that a trial of a relative felony before a jury of twelve persons is no longer an "absolute constitutional outlier that it once was in Louisiana." *Brown,* 11-1044 at 3, 85 So.3d at 53, *citing State v. Jones*, 05-0226, p. 3 (La. 2/22/06), 922 So.2d 508, 511. In *Brown*, however, this Court deemed it unnecessary to address whether the error in jury composition actually prejudiced respondent's case,

8

finding instead that because the defendant failed to make a contemporaneous objection to the jury error, "he waived any entitlement to reversal on appeal on grounds that he was tried by a jury panel which did not conform to the requirements of La. Const. art. I, § 17 and La. C.Cr.Pr. art. 782 because it included a greater number of jurors than required by law, although the error is patent on the face of the record. . . ." *Brown,* 11-1044 at 5, 85 So.3d at 55, citing *Jones*, 05-0226 at 5, 922 So.2d at 516 (Weimer, J., concurring in *Jones*) ("[The state correctly argues that] Louisiana's established procedural default rules should govern because the rule barring trial of a six-person jury offense in a twelve-person forum no longer applies in all instances and hence has lost its jurisdictional aspect. . . . A defendant should not have the opportunity of gambling on a favorable verdict from the larger jury and then resorting on appeal to an error that easily could have been corrected in the trial court at the outset of jury selection.").[8]

Although our previous jurisprudence has properly posited the question, as reserved in *Jones* and *Brown*, as to the appropriate procedure when a defendant is erroneously tried by a fewer number of jurors than constitutionally required, this

---

[8] Similar to reserving the contrary issue of fewer jurors when more is required, the court in *Brown* stated as follows in a footnote:

> As in *Jones*, we have no occasion to consider here whether trial before a panel composed of fewer jurors than required by law, i.e., trial of a 12–person jury offense in a six-person jury forum, constitutes more than trial error and retains its jurisdictional character as a structural defect in the proceedings. We also have no occasion to consider here whether, in a postconviction claim of ineffective assistance of counsel, the failure of counsel to object to the error in jury composition, which may constitute counsel error for purposes of the two-part test of ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), may also satisfy *Strickland*'s second prong, that the error prejudiced respondent, i.e., "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064. Cf. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (the test of prejudice under *Strickland* "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*State v. Brown*, 11-1044, p. 6, n. 1 (La. 3/13/12), 85 So. 3d 52, 55, n. 1.

case does not fit squarely in those circumstances.[9] Here, after the defendant's original sentence was imposed, he was billed as a habitual offender, and adjudicated as such. Consequently, the trial court vacated its original sentence (at hard labor) and defendant received an enhanced recidivist sentence as a multiple offender (at hard labor). In sum, the defendant ultimately received the same at hard labor sentence, despite the original sentence given by the trial court. Thus, we do not find it necessary to analyze the effect of any jury composition error, if any existed, in this particular case.

The bill of information in this case, as set forth in note 1 above, charged defendant in Count 1 with Driving While Intoxicated, fourth offense. Specifically, the charging instrument states, in pertinent part:

> COUNT I
> R.S. 14:98 DRIVING WHILE INTOXICATED, by operating a motor vehicle while under the influence of alcohol or any scheduled controlled dangerous substance or while under the influence of alcohol and one or more drugs which is not a scheduled controlled dangerous substance.
>
> And now the District Attorney informs this Honorable Court that this is a FOURTH offense, the defendant having previously been convicted of operating a motor vehicle while under the influence of alcoholic beverages on May 15, 2002, in docket number F1360-18 in the Parish of Jefferson, State of Louisiana.
>
> And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on February 19, 2004, in docket number 03-CR-89114, in the Parish of Washington, State of Louisiana.
>
> And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on July 9, 2010, in docket number 10-CR1-108537, in the Parish of Washington, State of Louisiana.

It is imperative to note that the bill of information sets the parameters and dictates

---

[9] "It is well-settled in the jurisprudence of this state that courts will not decide abstract, hypothetical or moot controversies or render advisory opinions with respect to such controversies." *Shepherd v. Schedler*, 2015-1750 (La. 1/27/16), quoting *Cat's Meow, Inc. v. City of New Orleans, Dept. of Finance*, 98–0601, p. 8 (La.10/20/98), 720 So.2d 1186, 1193.

the mode of trial.[10]   Based solely upon the information on the face of the bill of information, the defendant in this case was properly tried before a six person jury, as the sentencing range for a fourth offense DWI, as listed in this particular bill of information, is not mandatory hard labor.  Specifically, La. R.S. 14:98(E)(1)(a), in effect at the time of defendant's offense, provided that operating a vehicle while intoxicated, fourth offense, carried the following penalty range **with or without hard labor:**

> . . . on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender **shall be imprisoned with or without hard labor** for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Two years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.  (emphasis added)

Given that the enhanced sentence to which the evidence made defendant subject was not apparent on the face of the bill of information, we specifically decline to create a duty requiring a trial judge to look beyond the face of the bill of information or the indictment, and the Title 14 penalty range.  Nor is it the responsibility of a trial judge to interrogate the district attorney or independently investigate as to what evidence might be introduced that would require a different jury composition at the outset of a case.  Doing so would be inappropriate and contrary to the efficient administration of criminal justice, and effectively result in bad policy.

The defendant in this case was initially sentenced to twenty-five years at hard labor, with three years without the benefit of parole, probation, or suspension

---

[10] This court is aware of *State v. Gage*, 42,279 (La.App. 2 Cir. 8/29/07), 965 So.2d 592, and *State v. Hardeman*, 04-760 (La.App. 1 Cir. 2/18/05), 906 So.2d 616, which found that a related provision, La. R.S. 14:98(E)(4)(b), is not a separate offense requiring additional facts to be alleged in the indictment in order to satisfy *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000).  We find these cases distinguishable, however, as they addressed an *Apprendi* problem, but not a jury composition issue.   As stated above, our ruling today is based upon the facts of the record before us, and we reserve for another day the issue of whether a jury composed of fewer jurors than required is a structural defect requiring a defendant's conviction be reversed and a sentence vacated.

11

of sentence. During trial, documentary evidence (State's Exhibit #11) was introduced that established that after his DWI, third offense, the defendant was sentenced to substance abuse treatment and home incarceration,[11] which, under then-La. R.S. 14:98(E)(4)(a), required an enhanced **mandatory** hard labor sentence:

> If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but **shall be imprisoned at hard labor** for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. (emphasis added)

Thus, the trial court's original sentence, which included three years without the benefit of parole, probation, or suspension of sentence, is consistent with the enhanced mandatory language in La. R.S. 14:98(E)(4)(a). A sentence such as the trial court's original one should only have been imposed if the trial court considered the aforementioned documentary evidence that established that defendant had, indeed, been sentenced to home incarceration and substance abuse treatment. Stated differently, the trial court's original sentence (including three years without the possibility of probation, parole or suspension), was necessarily dictated by consideration of the documentary evidence establishing defendant was sentenced to home incarceration and substance abuse treatment following his third

---

[11] The appellate court accurately noted the defendant's predicate offenses, as listed in the record:

> In connection with predicate #3, the State introduced into evidence a bill of information, commitment, minutes of guilty plea and sentencing, and transcript of guilty plea and sentencing. The documents indicated the defendant pled guilty to third-offense DWI and was sentenced to three years at hard labor, with all but eighty days of the sentence suspended, and three years of supervised probation. Special conditions of probation included that the defendant submit to an evaluation by the Department of Health and Hospitals, Office of Addictive Disorders, to determine the nature and extent of his substance abuse, and that he participate in any treatment plan recommended by that office, including inpatient treatment for at least four weeks. Additionally, the court ordered the defendant would be subject to home incarceration during the entire period of probation.

*State v. Dahlem*, supra, at 596.

offense DWI. However, because the trial judge did not specifically outline his consideration of this evidence, it is not clear from the record before us whether the trial court absolutely did, in fact, consider this evidence related to defendant's predicate third offense DWI, as the jury did not make a finding related to this fact, and the trial judge did not explicitly make such a finding during the defendant's sentencing proceedings. Moreover, the record reflects no argument from either the prosecution or the defense about whether or not the trial court should consider the evidence related to predicate #3, which would have led to an enhanced sentence. As a result, given the uncertainty of which provision the defendant was sentenced under, this court cannot rule out the possibility that the defendant's original sentence was improper. In other words, **if** the trial court sentenced the defendant under the unenhanced provision (with optional hard labor), the defendant was correctly tried by a six-person jury. **If** the trial court sentenced the defendant under the enhanced version, then the trial court was in error, and the sentence imposed may have been inappropriate. However, as discussed below, even if the trial court's original sentence was improper, it was rendered moot by the defendant's subsequent habitual offender status and related sentence as such. Consequently, we are unable to reach the jury composition issue in this particular case, but reserve the issue for this Court's review another day.

The State's Multiple Offender Bill of Information alleged that defendant was a third felony offender, with previous convictions in 1997 and 2007 for distribution of marijuana and theft between $300 and $500, respectively. After a hearing, the defendant admitted the allegations, and the trial court vacated its original sentence and resentenced him under La. R.S. 15:529.1 to 25 years at hard labor, without benefit of probation or suspension of sentence. In other words, the multiple offender bill in this instance resulted in an enhanced recidivist sentence that displaced the original sentence, placing the defendant in the same position he

13

would have been in, even without consideration of the provisions set forth in La. R.S. 14:98(E)(4)(a) (which, under the Louisiana Constitution, require a twelve person jury).[12]  In sum, we find this to be an issue of an improper sentence which has been rendered moot by the defendant's multiple offender status.  As a result, we decline to find any error that warrants reversal of the defendant's conviction or sentence in this particular instance.

## CONCLUSION

Based upon the foregoing analysis, although we find the trial court may have considered the documentary evidence necessary to impose the enhanced provisions set forth in 14:98(E)(4)(a), as evidenced by the trial court's original sentence, we are unable to reach the jury composition issue.  Even assuming a possible jury composition error, we find it was rendered moot by the defendant's multiple offender status, which required that he be sentenced under the mandatory hard labor requirement set forth in La. R.S. 15:529.1(G).  For these reasons, we affirm

---

[12]We agree with Judge Kuhn's concurrence in the court of appeal's opinion, which states:

> . . . .[T]rial of the defendant by a six-person jury was dictated by law in this case. The district attorney, in the exercise of his discretion, elected to charge the defendant pursuant to La. R.S. 14:98 with a fourth-offense DWI. Under La. R.S. 14:98(E)(1)(a), the punishment for fourth-offense DWI is imprisonment with or without hard labor for not less than ten years and not more than thirty years and a $5,000.00 fine. In accordance with La. Const. art. I, sec. 17(A), such a case "shall be tried before a jury or six persons, all of whom must concur to render a verdict." See also La.C.Cr.P. art. 782(A).
>
> In reliance on these constitutional and statutory provisions, the State, the defense, and the trial court worked together to select a six-person jury to try this case. Although, the State later presented evidence at trial in connection with predicate # 3 which, if accepted, allowed for a sentence at hard labor under La. R.S. 14:98(E)(4)(a), sentencing of the defendant under this sentencing enhancement provision was only a possibility, but never a certainty. Thus, as a practical matter, this case was required to be tried in a six-person jury forum since there was only a possibility that the defendant could receive a sentence at hard labor. In Louisiana, a twelve-person jury is required only when the potential sentence is necessarily confinement at hard labor. La. Const. art. I, sec. 17(A); La.C.Cr.P. art. 782(A). Thus, the defendant's trial was conducted in accordance with the jury composition rules applicable to La. R.S. 14:98(E)(1)(a), wherein the actual conduct prescribed is a fourth-offense DWI, and the sentence to be imposed may be with or without hard labor.

*State v. Dahlem*, 13-0577, p. 1 (La.App. 1 Cir. 6/18/14), 148 So.3d 591, 600-01 (Kuhn, J., concurring).

the defendant's conviction and sentence.

**AFFIRMED**.

# SUPREME COURT OF LOUISIANA

## NO. 2014-KO-1555

## STATE OF LOUISIANA

## VERSUS

## GERALD W. DAHLEM

**KNOLL, J., additionally concurs.**

Although I agree with the majority's conclusion that the District Court did not err when it tried defendant by a jury of six persons, I write separately because I believe the majority's analysis is overly complex. I am in full agreement with the views Judge Kuhn expressed in his concurring opinion that no structural error occurred in this case as the hard-time requirement of the former La. R.S. 14:98(E)(4)(a) does not create a *new crime* warranting trial by a jury of twelve persons. Because this statute merely provides for a *sentencing enhancement*, it does not transfigure the relative felony with which the District Attorney charged the defendant into an absolute felony. As such, application of this enhancement to a defendant *at sentencing* does not trigger the right to trial by a twelve person jury *at the outset of trial*. Moreover, even if we willingly suspend disbelief to imagine a jury composition error in this case, defendant failed to lodge a contemporaneous objection at the time of jury selection. As compelled by La. C.Cr.P. art. 841, we have repeatedly held that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time it occurred since a contemporaneous objection is required to preserve an error for appellate review.[1] Indeed,

---

[1] La. C.Cr.P. art. 841(A) ("An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence."); *State v. Kahey*, 436 So.2d 475, 489 (La. 1983) ("[A]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."); *State v. Lindsey*, 404 So.2d 466, 478 (La. 1981) ("In the absence of a contemporaneous objection, an alleged error or irregularity in the proceedings cannot be availed of after the verdict is rendered."); *State v. Marcell*, 320 So.2d 195, 197 (La. 1975) ("By failing to make a timely objection, a defendant waives his right to subsequently attack the judgment of conviction on grounds

> The basis for objections to trial irregularities or errors should be stated at the time they occur. Counsel cannot wait, with an anchor to windward, to urge the irregularity for the first time after conviction. An objection without stating the grounds gives the trial judge no opportunity to correct the alleged error.[2]

Thus, even if we assumed a jury composition error was present, defendant waived review of any such error when he failed to lodge a contemporaneous objection.

---

of error or irregularity.").

[2] *State v. Thornton*, 284 So.2d 753, 756 (La. 1973).

# SUPREME COURT OF LOUISIANA

## NO. 2014-KO-1555

## STATE OF LOUISIANA

## VERSUS

## GERALD W. DAHLEM

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,*
*FIRST CIRCUIT, PARISH OF WASHINGTON*

**WEIMER, J.**, dissenting.

I respectfully dissent. Although correctly noting that the penalty range in the state's charge governs whether a court must empanel a six or twelve person jury, the majority absolves the district court from being so governed. The Louisiana Constitution mandates a defendant charged with an offense "in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons." La. Const. art. 1, § 17(A). The defendant faced a hard labor sentence; however, he was tried before a jury of six persons. Therefore, the defendant must be retried.

The state's bill of information charged the defendant with a fourth offense of driving under the influence ("DUI"). The bill of information indicated this was a violation of La. R.S. 14:98. Under the same statute, two penalty ranges were indicated for such an offense.[1] One statutory provision established a range of incarceration "at hard labor for not less than ten nor more than thirty years." La. R.S. 14:98(E)(4)(a) (an absolute felony). Another statutory provision established a range of incarceration "with or without hard labor for not less than ten years nor more than thirty years." La.

---

[1] After the relevant events in this case, La. R.S. 14:98 was amended, and the penalty provisions for a fourth offense DUI have been separately enumerated as La. R.S. 14.98.4. See 2014 La. Acts 385, § 1. Citations in this dissenting opinion correspond to the statutes in force during the defendant's trial.

R.S. 14:98(E)(1)(a) (a relative felony). Whether a defendant faces the relative or absolute penalty provisions of La. R.S. 14:98 depends on the defendant's sentencing history. If a defendant charged as a fourth DUI offender "has previously been required to participate in substance abuse treatment and home incarceration" for a prior DUI offense, then the defendant faces the absolute felony provisions of La. R.S. 14:98(E)(4)(a), specifically a mandatory sentence of hard labor if convicted.

Because the state specified the fourth offender provisions of La. R.S. 14:98, but did not specify whether the state was proceeding under section (E)(4)(a) as an absolute felony (*i.e.*–with hard labor) or under section (E)(1)(a) as a relative felony (*i.e.*–with or without hard labor), the bill of information was equivocal. More precisely stated, and measured by the standard correctly identified by this court's majority,[2] because the bill of information did not actually inform whether the state was charging the defendant with an absolute or relative felony, the bill of information was equivocal on its face.[3]

Under more typical circumstances, a defendant must file a request for a bill of particulars to clarify a deficient bill of information in order to preserve the issue for review.[4] However, the circumstances in this case cannot be fairly characterized as

---

[2] This court has long held that the penalty range indicated in the state's charges dictates whether the largest number of jurors is required. See **State v. Stanford**, 15 So.2d 817, 820 (1943) ("the number of jurors to try a case is determined by the gravity or nature of the crime charged").

[3] "In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." La. Const. art. 1, § 13. This court has explained that a bill of information must "allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may impose the correct punishment upon a verdict of guilty." **State v. Meunier**, 354 So.2d 535, 538 (La.1978).

[4] See, e.g., **State v. Gainey**, 376 So.2d 1240, 1242-43 (La. 1979) ("This court has long held that a short form indictment is not subject to attack on the grounds that it does not adequately inform the defendant of the crime charged, because the state is required, on request for a bill of particulars, to inform the defendant of the essential facts of the offense charged."). See also, e.g., **State v. Richthofen**, 01-500, p. 34 (La.App. 5 Cir. 11/27/01), 803 So.2d 171, 192 ("The time for testing the sufficiency of an indictment is before trial by a motion to quash or an application for a bill of particulars.") (citing **Gainey**, *supra*).

2

typical because whether the defendant was tried by a six or twelve person jury lies at the core of a constitutionally-mandated factfinding process. Therefore, this issue is reviewable notwithstanding that the defendant neither filed a pretrial request for a bill of particulars, nor contemporaneously objected when the state introduced evidence at trial revealing that the state was prosecuting the defendant for an absolute felony.[5]

Even overlooking the fact that the bill of information was equivocal, once the state introduced evidence[6] that the defendant had been previously sentenced to substance abuse treatment and home incarceration, the defendant's fate was sealed. That is, since the jury had found the defendant guilty after the state introduced uncontroverted evidence that the defendant had previously been sentenced to substance abuse treatment and home incarceration for a third DUI, the judge had no discretion to sentence the defendant to anything but hard labor. See La. R.S. 14:98(E)(4)(a).

It would have been far preferable for the district court, during the pretrial stage, to call attention to the equivocation in the bill of information and to require the state to bring clarity to the charges so that the district court could, in turn, correctly identify the number of jurors it might be required to empanel.[7] However, once the district court was alerted by the state's evidence of the defendant's prior sentence of substance abuse treatment and home incarceration, just as much as the district court was stripped of any discretion to sentence the defendant to incarceration without hard

---

[5] See **State v. Arvie**, 505 So.2d 44, 47 (La. 1987) ("On very rare occasions, this court has refused to apply the contemporaneous objection rule as a bar to review of an error which was so fundamental that it struck at the very essence of the reliability of the fact-finding process.").

[6] See State Exhibit 11.

[7] District court judges are broadly empowered to "issue … all … needful writs, orders, and process in aid of the jurisdiction of his court." La. Const. art. V, § 2.

labor, so, too, was the court stripped of the ability to proceed with a six person jury. See La. Const. art. I, § 17(A) ("A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons ...."). (Emphasis added.)

In its focus on the multiple bill sentence that the district court imposed in place of the original sentence for the instant offense, I believe the majority of this court has fallen further into error. The majority relies on **State v. Jones**, 05-0226 (La. 2/22/06), 922 So.2d 508, for the proposition that not all constitutional errors require reversal. In **Jones**, the defendant was incorrectly tried by a jury of twelve, rather than six. Utilizing a harmless error analysis, the **Jones** court found that the defendant's conviction by the unanimous twelve person jury did not prejudice the defendant. **Jones** is inapposite to this case. The defendant in **Jones** essentially received twice the number of constitutionally mandated factfinders. Similarly, in another case cited by the majority, **State v. Brown**, 11-1044 (La. 3/13/12), 85 So.3d 52, the defendant was also incorrectly tried by a jury of twelve, rather than six. Instead of a unanimous jury, the defendant in **Brown** was found guilty by the minimum threshold of ten jurors. Citing **Jones**, this court, in **Brown**, found that the erroneous jury composition did not require reversal. We explained in **Brown** that, because La. Const. art. 1, § 17 had been amended to allow the joinder of absolute and relative felonies and a trial of the joined offenses by a twelve person jury,[8] incorrectly trying a sole relative felony charge to a twelve person jury was no longer a jurisdictional defect. **Brown**, 11-1044 at 5-6, 85 So.3d at 55 ("[T]he rule barring trial of a six-person jury offense in a twelve-person

---

[8] See 1997 La. Acts 1502, § 1, approved October 3, 1998, effective November 5, 1998.

forum no longer applies in all instances and hence has lost its jurisdictional aspect ....") (quoting **Jones**, 05-0226 at 5, 922 So.2d at 516 (Weimer, J., concurring)).

In the instant case, six of the constitutionally mandated triers of fact did not participate in the defendant's trial. See La. Const. art. I, § 17(A); see also La. C.Cr.P. art. 782. In stark numeric terms, and in contrast to both **Jones** and **Brown**, the defendant received half of the twelve factfinders guaranteed him by the Constitution. Therefore, replacing the defendant's sentence stemming from a constitutionally infirm guilty verdict with a multiple-bill sentence is not harmless. Essentially, replacing the defendant's fourth DUI sentence, which was predicated upon a guilty verdict issued by half the number of required factfinders, with a multiple bill sentence, is no different than replacing the presumption of innocence with an assumption of guilt. Not only is this bad policy, but it ignores that La. Const. art. I, § 17(A) mandates a trial by twelve factfinders for absolute felonies.

Finally, I must point out that the majority has ignored a constitutional mandate as a consequence of going to great lengths to avoid the very issue this court granted writs to address. The majority recognizes that this court granted writs to resolve this issue: "whether trial by a jury composed of fewer jurors than required by law is a non-waivable structural defect." However, even after confining the parties' briefing to this issue, the majority "decline[s] to reach the broader jury composition issue in this case." **State v. Dahlem**, 14-1555, slip op. at 1 (La. __/ __/16). Nevertheless, the issue, as framed, answers itself when one considers the source of the requirement for twelve jurors. Because the predicate third DUI offense required the district court to sentence the defendant to hard labor, the defendant was entitled to a trial by a twelve person jury. This jury composition is cast in mandatory terms, both in the Louisiana

5

Constitution and in the Code of Criminal Procedure. See La. Const. art. I, § 17(A) ("A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict."); and La. C.Cr.P. art. 782 ("Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict."). Here, both our state Constitution and an article of our Code of Criminal Procedure have established a twelve-person jury as a minimal requirement for factfinding in absolute felony cases; it is not for this court to say differently. This case is unlike **Jones** and **Brown**, where reversal was not required because the defendants in those cases received twice the number of factfinders than the minimal number guaranteed by the Constitution.

In conclusion, this analysis does not declare the defendant innocent. This analysis determines it is beyond debate that the defendant was tried by half the number of factfinders the Louisiana Constitution requires. Because I find this analysis compulsory under our state Constitution, I must respectfully dissent.

03/15/16

SUPREME COURT OF LOUISIANA

NO. 2014-KO-1555

STATE OF LOUISIANA

VERSUS

GERALD W. DAHLEM

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF WASHINGTON

Hughes, J., concurs in the result.